Filed 7/1/26  P. v. Olson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B345037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA018677) |
| v. | |
| ERICA DAWN OLSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant Erica Dawn Olson appeals from the denial of her request for an evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). The trial court found defendant was ineligible for a *Franklin* proceeding because she had been sentenced to life without parole (LWOP), and was therefore statutorily ineligible for a youth offender parole hearing under Penal Code[1] section 3051.

Defendant argues section 3051's LWOP exclusion violates equal protection and the California Constitution's prohibition of cruel or unusual punishment. Her arguments largely are foreclosed by Supreme Court and Court of Appeal precedent. We further conclude the equal protection analysis in *People v. Briscoe* (2024) 105 Cal.App.5th 479 (*Briscoe*) does not aid defendant because defendant was convicted under the general felony murder special circumstance, section 190.2, subdivision (a)(17), whereas *Briscoe*'s holding was limited to the narrower major participant/reckless indifference special circumstance under section 190.2, subdivision (d).

Accordingly, we affirm.

## BACKGROUND[2]

In 1994, defendant and three confederates burglarized defendant's former roommate's apartment, during which the former roommate was killed and her two children seriously injured.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] We grant the Attorney General's request for judicial notice filed June 17, 2026, and defendant's request for judicial notice filed June 18, 2026.

In 1995, a jury convicted defendant of first degree murder and found true a special circumstance allegation that the murder occurred during the commission of a residential burglary and residential robbery that resulted in a person's death. (See § 190.2, subd. (a)(17).) The jury also convicted defendant of burglary and two counts of robbery.[3] For the murder, the trial court sentenced defendant to life in prison without the possibility of parole. In 1997, we affirmed the judgment on direct appeal.

In 2024, defendant, in propria persona, filed a motion under *Franklin* and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*). In the motion, defendant stated she was 20 years old when she committed the murder, and requested an evidence preservation proceeding in anticipation of a future youth offender parole hearing under section 3051. The motion acknowledged section 3051 excludes offenders like defendant who committed their offenses between the ages of 18 and 25 and were sentenced to LWOP, but argued the exclusion violates defendant's constitutional right to equal protection and constitutes cruel or unusual punishment.

The trial court denied defendant's motion without a hearing because defendant was ineligible for a *Franklin* proceeding due to her LWOP sentence.

Defendant timely appealed.

## DISCUSSION

Defendant argues, as she did below, that she is entitled to a *Franklin* proceeding and youth offender parole hearing under

---

[3] In an earlier trial, the jury convicted defendant of attempted murder and child abuse for the attacks on the two children.

3

principles of equal protection and her right against cruel or unusual punishment.  Our review is de novo.  (*People v. Laird* (2018) 27 Cal.App.5th 458, 469; *People v. Torres* (2024) 107 Cal.App.5th 513, 538.)

## A. Youth Offender Parole Hearings and *Franklin* Proceedings

In 2013 the Legislature enacted section 3051 "following a series of court decisions identifying Eighth Amendment limits on the sentencing of juvenile offenders."  (*People v. Hardin* (2024) 15 Cal.5th 834, 844 (*Hardin*).)  " 'In language echoing the holdings of these cases,' the statute established youth offender parole hearings to offer ' "a meaningful opportunity" for release [citation], giving "great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity" [citation].' [Citation.]"  (*Briscoe*, *supra*, 105 Cal.App.5th at p. 488.)

Originally, section 3051 granted youth offender parole hearings "only for juvenile offenders incarcerated for crimes committed before the age of 18."  (*Hardin*, *supra*, 15 Cal.5th at p. 845.)  Through a series of amendments, the Legislature later expanded the statute to grant hearings to those who committed their offenses before the age of 26.  (*Id.* at pp. 845–846.)  "In expanding section 3051 beyond the constitutional minimum age of 18 set out in [U.S. Supreme Court decisions], the Legislature considered scientific evidence that neurological development, particularly in areas of the brain relevant to judgment and decisionmaking, continues beyond adolescence and into the mid-20's."  (*Hardin*, at p. 846.)

The current version of section 3051, therefore, grants youth offender parole hearings to most defendants who committed their

4

offenses before the age of 26.  (§ 3051, subd. (a)(1).)  LWOP defendants, however, are eligible for a youth offender parole hearing only if they committed their controlling offenses before they turned 18.  (*Id.*, subds. (a)(1), (b)(4).)  The Legislature has not expanded relief to LWOP defendants who committed their controlling offense after they turned 18, and those defendants are categorically ineligible for youth offender parole hearings.  (*Id.*, subd. (h).)

A defendant who qualifies for a future youth offender parole hearing under section 3051 is entitled to a proceeding in the trial court at which the defendant "may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing."  (*Franklin*, *supra*, 63 Cal.4th at p. 284; see *Cook*, *supra*, 7 Cal.5th at p. 451 [offender eligible under section 3051 may request *Franklin* proceeding despite sentence being final].)

## B.    Defendant Fails To Show Her Exclusion From Section 3051 Violates Equal Protection

" 'Equal protection of the laws means that similarly situated persons shall be treated similarly unless there is a sufficiently good reason to treat them differently.'  [Citation.]" (*People v. Munoz* (2019) 31 Cal.App.5th 143, 162.)  "[W]hen a statute involves neither a suspect classification nor a fundamental right, the 'general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.'  [Citations.]" (*Hardin*, *supra*, 15 Cal.5th at p. 847.)  This rational basis review applies to challenges to the "constitutionality of law[s] prescribing different collateral consequences for different types of criminal convictions,"

5

including section 3051. (*Hardin*, at p. 847; see *Briscoe, supra*, 105 Cal.App.5th at p. 487.)

Defendant argues the Legislature has recognized through the enactment of, and amendments to section 3051, that people who commit crimes before the age of 26 are less culpable and more capable of rehabilitation than older offenders. Given that recognition, defendant contends there is no rational basis to further divide the under-26 group by crime committed or age. Yet section 3051 does so: The statute includes non-LWOP murderers who offended between the ages of 18 and 26 but excludes LWOP defendants in the same age range; and it includes LWOP defendants who offended under the age of 18, but excludes LWOP defendants who offended between the ages of 18 and 26.

As defendant acknowledges, our Supreme Court in *Hardin* held section 3051 does not violate equal protection by granting parole hearings to non-LWOP young adults while denying them to young adults sentenced to LWOP for special circumstance murder. (*Hardin, supra*, 15 Cal.5th at p. 839.) This is because "special circumstance murder is a uniquely serious offense," and "the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison." (*Ibid.*) Defendant is serving an LWOP sentence for special circumstance murder. *Hardin* forecloses her equal protection argument based on differential treatment of LWOP and non-LWOP young adult offenders.

The Supreme Court has yet to address the argument that section 3051 violates equal protection by dividing LWOP

defendants by age, granting hearings to those who committed their LWOP-eligible crimes before the age of 18 but not those who committed their LWOP-eligible crimes between the ages of 18 and 26. Courts of Appeal have addressed the argument and rejected it. (See *People v. Sands* (2021) 70 Cal.App.5th 193, 204 [collecting cases].) As explained in *Sands*, because the Eighth Amendment limits LWOP sentences for juveniles but not young adults, "the Legislature could rationally decide to remedy unconstitutional sentences but go no further." (*Id.* at p. 204.) Similarly, *In re Murray* (2021) 68 Cal.App.5th 456 observed the United States and California Supreme Courts "have found the line drawn between juveniles and nonjuveniles to be a rational one" for purposes of criminal sentencing, and therefore the age distinction under section 3051 is rational as well. (*Id.* at pp. 463–464.)

We agree with these decisions. As *Hardin* recognized, "special circumstance murder is a uniquely serious offense." (*Hardin*, *supra*, 15 Cal.5th at p. 839). The Legislature rationally may deny an opportunity for early release to special circumstance murderers on that basis, while granting that opportunity to juveniles serving LWOP sentences as required by the Eighth Amendment.

Although not cited by defendant below or in her initial appellate briefing, we requested and received supplemental briefing from the parties as to the impact on this appeal of *Briscoe*, *supra*, 105 Cal.App.5th 479. *Briscoe* held section 3051 violates equal protection as applied to a defendant sentenced to LWOP under section 190.2, subdivision (d). (*Briscoe*, at p. 485.) Section 190.2, subdivision (d) permits a court to impose an LWOP sentence when a defendant, although "not the actual killer,"

7

"with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of [an enumerated felony] which results in the death of some person or persons."  (§ 190.2, subd. (d).)

The *Briscoe* court determined that, following Senate Bill No. 1437 (2017–2018 Reg. Sess.), the elements of section 190.2, subdivision (d) are now identical to the elements of non-LWOP felony murder under section 189, subdivision (e)(3).  (*Briscoe*, *supra*, 105 Cal.App.5th at p. 491.)  The court concluded section 3051 therefore "violates equal protection by excluding youth offenders sentenced for special circumstance murder under section 190.2, subdivision (d) . . . while including those convicted of nonspecial circumstance first degree felony murder for the same specified felony offenses per the exact same standard under section 189, subdivision (e)(3)."  (*Briscoe*, at p. 485.)  The court therefore "reform[ed]" section 3051 "to include youth offenders like Briscoe who were sentenced to life without parole under section 190.2, subdivision (d) for murder during a robbery or burglary."  (*Briscoe*, at p. 496.)

Unlike in *Briscoe*, defendant here was not sentenced to LWOP under subdivision (d) of section 190.2, but rather the general special circumstance felony murder provision, section 190.2, subdivision (a)(17).  Subdivision (a)(17) is a special circumstance that makes a murder LWOP- or death-eligible if the murder "was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit" enumerated felonies, including robbery and burglary.  (§ 190.2, subd. (a)(17)(A), (G).)  Section 190.2, subdivision (d)

8

narrows subdivision (a)(17) to the extent the defendant was neither the actual killer nor had intent to kill, and requires the additional proof that the defendant was a major participant in the enumerated felony and acted with reckless indifference to human life.

Defendant argues it is immaterial that she was convicted under section 190.2, subdivision (a)(17) rather than subdivision (d) because the rationale of *Briscoe* applies to all special circumstance felony murder regardless of the theory under which it was proven.

Defendant fails to support this argument. *Briscoe* concluded the major participant/reckless indifference elements of section 190.2, subdivision (d) are identical to the elements under section 189, subdivision (e)(3), and therefore there is no rational basis to treat someone convicted under the former statute as less deserving of section 3051's leniency than someone convicted under the latter. As the Attorney General observes, however, special circumstance felony murder under section 190.2, subdivision (a)(17) does not have identical elements to standard felony murder under section 189. Courts have imposed an additional requirement on special circumstance felony murder, namely that it applies "only if the murderer had a *felonious purpose independent of, or concurrent with, the murder.*" (*People v. Andreasen* (2013) 214 Cal.App.4th 70, 81.) "If the defendant committed the felony for the sole purpose of effectuating the killing, the felony-murder special circumstance does not apply." (*Ibid.*; see *Hardin, supra,* 15 Cal.5th at p. 860 [robbery-murder special circumstance does not apply " 'when the defendant's intent is not to steal but to kill and the robbery is merely incidental to the murder.' "].) Courts have held nonspecial

circumstance felony murder under section 189 does not have this independent felonious purpose requirement.  (*Andreasen*, at p. 82, fn. 7.)

Briscoe itself does not support defendant's assertion that *Briscoe*'s rationale applies outside the context of section 190.2, subdivision (d).  *Briscoe* avoided deciding whether the independent felonious purpose requirement distinguishes section 190.2, subdivision (a)(17) from standard felony murder.  Instead, *Briscoe* concluded more narrowly that the independent felonious purpose requirement does not apply to section 190.2, subdivision (d) because offenders convicted under that provision are "neither the actual killer nor acted with an intent to kill." (*Briscoe*, *supra*, 105 Cal.App.5th at p. 495.)  We need not decide if that is a correct statement of law, because, again, in this case defendant was not convicted under section 190.2, subdivision (d), but subdivision (a)(17), which encompasses actual killers and aiders and abettors with intent to kill, and to which the independent felonious purpose requirement applies.

Alternatively, defendant argues *Briscoe* applies to her because the evidence at her trial as well as the opinions from her prior appeals establish the jury found the special circumstance true on the theory she was a major participant acting with reckless indifference to human life, thus effectively convicting her under section 190.2, subdivision (d).

We are not in a position to assess the evidence from defendant's trial.  We do not have that evidence before us.  Even if we did, defendant did not present the evidence in the trial court and the People have not had a chance to address it.

What record we do have does not preclude the possibility defendant was convicted as an actual killer or aider and abettor

10

in the killing.  The jury instructions included aiding and abetting, deliberate and premeditated murder, and felony murder.  The special circumstance instructions included the major participant/reckless indifference elements "[i]f [the jury] find[s] the defendant was not the actual killer," as well as the independent felonious purpose instruction.  The verdict forms for the special circumstance referenced section 190.2, subdivision (a)(17), not subdivision (d).

We acknowledge two of our prior unpublished opinions, which concerned defendant's petition for resentencing under former section 1170.95 (now numbered section 1172.6), stated defendant was convicted of the special circumstance as a major participant acting with reckless indifference.  (See *People v. Olson* (Dec. 20, 2022, B300206); *People v. Olson* (Aug. 26, 2020), B300206, ordered vacated Sept. 28, 2022, S264322.)  Those statements appear to have followed from the resentencing court's conclusion that defendant was ineligible for relief because defendant was convicted as a major participant acting with reckless indifference, a conclusion we reversed in the 2022 opinion because the resentencing court had not held an evidentiary hearing.  We do not read our prior opinions as definitively deciding the theory under which defendant was convicted.

In sum, defendant has not shown her exclusion from section 3051 violates equal protection.

## C. Defendant's LWOP Sentence Is Not Cruel or Unusual Punishment

Defendant argues her LWOP sentence violates the California Constitution's prohibition against cruel or unusual punishment.  (Cal. Const., art. I, § 17.)  This argument is

11

foreclosed by Supreme Court and Court of Appeal precedent. Our Supreme Court has held, "Neither the Eighth Amendment and equal protection clause of the federal Constitution nor the corresponding provisions of the California Constitution per se prohibit death as punishment for crimes committed when 18 years of age." (*People v. Gamache* (2010) 48 Cal.4th 347, 404.) If both the federal and state constitutions permit death sentences for crimes committed at age 18 or older, it follows they permit LWOP sentences as well. (See *In re Williams* (2020) 57 Cal.App.5th 427, 439 ["If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence."].) Courts of Appeal expressly have held LWOP sentences for young adult offenders are not cruel or unusual under the state Constitution. (See *People v. Cortez* (2025) 114 Cal.App.5th 1201, 1215–1216; *People v. Ellis* (2024) 105 Cal.App.5th 536, 550–551.)

Defendant states she does not contend her sentence was cruel or unusual when it was imposed, but argues the Legislature's subsequent recognition that those who offend between the ages of 18 and 25 are, like juveniles, less culpable than older offenders has caused her sentence to become "grossly disproportionate." Defendant cites no authority suggesting the Legislature can override the Supreme Court's constitutional interpretation. Further, "[w]e decline [defendant's] invitation to conclude new insights and societal understandings about the juvenile brain require us to conclude the bright line of 18 years old in the criminal sentencing context is unconstitutional. Our nation's, and our state's, highest court have concluded 18 years old is the bright-line rule and we are bound by their holdings." (*People v. Perez* (2016) 3 Cal.App.5th 612, 617 (*Perez*).)

Defendant argues *Perez* is not instructive because it concerned the Eighth Amendment's prohibition of cruel *and* unusual punishment rather than the California Constitution's prohibition on cruel *or* unusual punishment. We disagree. *Perez* began its discussion by citing both the federal and statute cruel-and/or-unusual standards, and adopted the reasoning of *People v. Argeta* (2012) 210 Cal.App.4th 1478, which upheld an 18-year-old offender's sentence under both the federal and state standards. (*Perez, supra*, 3 Cal.App.5th at pp. 616–617; *Argeta*, at p. 1482 ["Argeta's sentence is not cruel and/or unusual"].)

## DISPOSITION

The order denying the motion for a *Franklin* evidence preservation proceeding is affirmed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.

M. KIM, J.

13